NIGHT BOX
FILED
APR
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SMITH DELIEN<br><br>Defendant. | CASE NO. 00-6074-CR-DIMITROULEAS<br>Magistrate Judge Seltzer |

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. The government is unaware of any written statments made by the defendant.

2. Attached is a written report summarizing defendant's oral statements made by the defendant before and after arrest in response to questioning by a person then known to the defendant to be a government agent that the government intends to use at trial.

3. The defendant did not testify before the Grand Jury.



4. The NCIC record of the defendant will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

   The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest in this case with the fingerprints provided on Notice to Alien Ordered Removed/Departure Verification Form dated August 16, 1999 is attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at

trial.

F. The defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to

offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this response are numbered pages 00001-00011. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: [signature]
MATTHEW MENCHEL
Assistant United States Attorney
Court Id No. A5500407
500 E. Broward Blvd. Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255 x3596
Fax: (954) 356-7336

cc: Special Agent Dale Ficquette,
Immigration and Naturalization Service

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 10th day of April, 2000 to: Patrick M. Hunt, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

MATTHEW MENCHEL
Assistant United States Attorney

U.S. Department of Justice
Immigration and Naturalization Service

**MEMORANDUM OF INVESTIGATION**

| FILE NUMBER | NAME | CONTROL OFFICE |
|---|---|---|
| A76 998 100 | DELIEN, Smith | MIA |

Investigation was predicated upon information received from a concerned citizen indicating an individual using the name SEYMOUR, had reentered the United States after having been deported in 1999 and was residing at an apartment located in Broward County, Florida.

At the given apartment address, two (2) Bahamian males were encountered. The SUBJECT stated his name was Mike SEYMOUR and that he entered the United States on an unknown date in 1994 with a student visa. When questioned in reference to his attendance at the prescribed school, SUBJECT was found to be in violation of the visa. SUBJECT was arrested and transported to the Miami District Office. SUBJECT's fingerprints were faxed to the Federal Bureau of Investigation (FBI) Special Processing Unit in Clarksburg, West Virginia. A reply was received which revealed the SUBJECT had previously been arrested under the name Gregory SEYMOUR. Based on the name and date of birth provided by the arrest record, an alien file relating to the SUBJECT was located. A Certificate of Birth from the Ministry of Foreign Affairs of the Bahamas, dated January 6, 1995 was found in the alien file which revealed SUBJECT's true name to be Smith DELIEN.

Further investigation of the alien file revealed that SUBJECT was ordered deported by an Immigration Judge at Miami, Florida on August 5, 1999 and removed to the Bahamas on August 21, 1999.

At approximately 9:30PM, SUBJECT was advised of his Miranda rights from a printed card. The SUBJECT was then questioned in regards to his reentry into the United States after deportation. Special Agent Lee Lelea witnessed these activities. The SUBJECT, after waiving his right to an attorney, freely provided the following information:

The SUBJECT stated his true name is Smith DELIEN and that he is a native and citizen of the Bahamas. DELIEN stated after being deported to the Bahamas on August 21, 1999, he reentered the United States at West Palm Beach, Florida in February of 2000. This was accomplished after being provided transportation from Nassau in a speedboat by and individual named "Mike". DELIEN stated he was dropped off at a dock and that there were people in the area at the time of their arrival. When asked if he understood the warning he had signed prior to his deportation, DELIEN stated he though he could not return to the United States for a period of fifteen (15) years. When asked if he knew he was violating the law by returning to the United States, he indicated he did. DELIEN further stated the reason he had reentered was due to the fact a girlfriend had recently given birth to his child.

Subject was served with a Notice of Intent/Decision to Reinstate Prior Order and place in the Krome Service Processing Center

| NAME | DATE: |
|---|---|
| Dale Ficquette, Special Agent | |

G-166c (subs)

00001

United States of America

DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

*March 20, 2000*

# CERTIFICATION

BY VIRTUE OF the authority vested in me by Title 8, Code of Federal Regulations, Part 103 a regulation issued by the Attorney General pursuant to Section 103 of the Immigration and Nationality Act,

I HEREBY CERTIFY that the annexed documents are originals, or copies thereof, from the records of the said Immigration and Naturalization Service, Department of Justice, relating to ***Gregory Seymour, also known as Mike Seymour, and Smith Delien***, File No. *A-76 998 100 - CO 103.5-C* of which the Attorney General is the legal custodian by virtue of Section 103 of the Immigration and Nationality Act.

*AND I FURTHER CERTIFY that the signature on the attached Certificate of Nonexistence of Record is the true and genuine signature of David R. Cunningham, Jr., who, as a Management Analyst of the Records Services Branch of Headquarters, is authorized by Part 103 of Title 8, Code of Federal Regulations to make such certificate.*

RUTH E. JONES
Chief
Records Services Branch

Immigration and Naturalization Service

Form G-24
(Rev. 5-1-73) N

GPO 907-871

U.S. Department of Justice
Immigration and Naturalization Service

# Certificate of Nonexistence of Record

CO 103.5-C

March 20, 2000

I, ***David R. Cunningham, Jr.***, certify to the following:

1. That I am a Management Analyst in the Records Services Branch, Office of Records, Headquarters, of the Immigration and Naturalization Service, United States Department of Justice, and by virtue of the authority contained in Section 290(d) of the Immigration and Nationality Act and 8 CFR 103.7(d)(4), I am authorized to certify the nonexistence in the records of the Service of an official file, document, or record pertaining to a specified person or subject.

2. The Headquarters of the Immigration and Naturalization Service maintains centralized records relating to immigrant aliens who arrived after June 30, 1924, to nonimmigrant aliens who arrived on or after June 30, 1948, and a centralized index of all persons naturalized on or after September 27, 1906.

3. That after diligent search no record is found to exist in the records of the Immigration and Naturalization Service. ***The search included a review of the Service's automated and nonautomated records systems. There is no evidence of the filing of an application for permission to reapply for admission to the United States after deportation, exclusion, or the granting of such permission, relating to Gregory Seymour, also known as Mike Seymour, and Smith Delien, born August 29, 1976 or August 29, 1978, in the Bahamas.***

[signature]

DAVID R. CUNNINGHAM, JR.
Management Analyst
Records Services Branch



**U.S. Department of Justice**
Immigration and Naturalization Service

## REPORT OF INVESTIGATION

| Title | File Number | Date |
|---|---|---|
| DELIEN, Smith<br>aka: SEYMOUR, Gregory | A41 354 890 | March 19, 2000<br>**Report Number**<br>1 |
| **Special Agent: (Name)**<br>Dale Ficquette | **(Signature)**<br>[signature] | **Office**<br>Miami, Florida |
| **Approved by: (Name and Title)**<br>Michael Ricciardi<br>Supervisory Special Agent | **(Signature)**<br>[signature] | **Office**<br>Miami, Florida |

## SYNOPSES

On August 21, 1999, SUBJECT (Smith DELIEN) was deported from the United States as ordered by an Immigration Judge at Miami, Florida, on August 5, 1999. Prior to his removal from the United States, SUBJECT read and signed the Notice to Alien Ordered Removed/Departure Verification Form (Form I-296). This warning indicated that in accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), the alien is prohibited from entering, attempting to enter, or being in the United States at any time because, in addition to having been found inadmissible, the SUBJECT has been convicted of a crime designated as an aggravated felony. On March 15, 2000, the SUBJECT was found to be residing in Lauderhill, a city located in Broward County, Florida.

## VIOLATIONS

Apparent violation of Title 8, United States Code, Section 1326, as amended by the "Anti-Drug Abuse Act of 1988", (a) [SUBJECT to subsection (b), any alien who] (1) [has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarcation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this or any prior Act, shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both.] (b) [Notwithstanding subsection (a), in the case of any alien described in such subsection] (1) [whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 5 years, or both: or] (2) [whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.]

## DEFENDANTS

Smith DELIEN, a 23 year old male, was born on August 29, 1976 in Nassau, Bahamas. A Certificate of Birth from the Ministry of Foreign Affairs of the Bahamas, dated January 6, 1995. indicates SUBJECT is a salesman. On the day of his apprehension, SUBJECT indicated he is presently employed at a local body shop, repairing automobiles. On March 15, 2000, SUBJECT was found to be residing at 56 NW 22nd Court, Lauderhill, Florida.

## IMMIGRATION STATUS

SUBJECT is a native and citizen of the Bahamas. SUBJECT was admitted to the United States as a nonimmigrant visitor for pleasure at the Immigration and Naturalization Service (INS) preflight inspection station at Nassau, Bahamas, on November 15, 1995. On June 11, 1999, SUBJECT was encountered by the Pembroke Pines Border Patrol in West Palm Beach, Florida. SUBJECT stated his name was Gregory SEYMOUR, that he was a citizen of the Bahamas, and that he was present in the United States on a nonimmigrant tourist visa. SUBJECT was placed in deportation proceedings due to prior drug convictions. The Ministry of Foreign Affairs of the Bahamas later identified SUBJECT as Smith DELIEN. On August 21, 1999 SUBJECT was deported from the United States to the Bahamas as ordered by an Immigration Judge at Miami, Florida, on August 5, 1999

## CRIMINAL RECORD

On August 19, 1997, SUBJECT was convicted in the Circuit Court in and for Broward County, Florida of Possession, Purchase and Delivery of Cocaine and sentenced to one (1) year incarceration.

On October 15, 1997, SUBJECT was convicted in the Circuit Court in and for Broward County, Florida of Possession of Less Than Twenty (20) Grams of Marijuana. Subject was given probation for this offense.

After both of the above arrests, the SUBJECT used the name Gregory SEYMOUR.

## DETENTION STATUS

SUBJECT is in presently incarcerated at the INS Krome Service Processing Center in Dade County, Florida pending Reinstatement of Deportation.

## FACTS

Investigation was predicated upon
an individual using the name SEYMOUR, had reentered the United States after having been deported in 1999 and was residing at an apartment located in Broward County, Florida.

At the given apartment address, two (2) Bahamian males were encountered. The SUBJECT stated his name was Mike SEYMOUR and that he entered the United States on an unknown date in 1994 with a student visa. When questioned in reference to his attendance at the prescribed school, SUBJECT was found to be in violation of the visa. SUBJECT was arrested and transported to the Miami District Office. SUBJECT's fingerprints were faxed to the Federal Bureau of Investigation (FBI) Special Processing Unit in Clarksburg, West Virginia. A reply was received which revealed the SUBJECT had previously been arrested under the name Gregory SEYMOUR. Based on the name and date of birth provided by the arrest record, an alien file relating to the SUBJECT was located. A Certificate of Birth from the Ministry of Foreign Affairs of the Bahamas, dated January 6, 1995 was found in the alien file which revealed SUBJECT's true name to be Smith DELIEN.

Further investigation of the alien file revealed that SUBJECT was ordered deported by an Immigration Judge at Miami, Florida on August 5, 1999 and removed to the Bahamas on

August 21, 1999. The identity of the person deported was documented by a print from the right index finger of the SUBJECT. A copy of the Notice to Alien Ordered Removed/Departure Verification Form (Form I-296), dated August 16, 1999, bearing the fingerprint is attached as **"Exhibit A"**. On March 15, 2000, the SUBJECT was encountered and arrested in Lauderhill, Florida and fingerprints were obtained subsequent to the arrest. A copy of these fingerprints are attached as **"Exhibit B"**. On March 16, 2000, a comparison of the right index print placed on the Notice to Alien Ordered Removed/Departure Verification Form (Form I-296) and the fingerprints taken after the SUBJECT'S arrest on January 15, 2000 was completed by the Miami-Dade Police Department. It was the determination of the Fingerprint Examiner that the prints belong to one and the same person. A copy of the letter from the Miami-Dade Police Department is attached as **"Exhibit C"**. On March 16, 2000, the Office of Records, Headquarters, INS was requested to conduct a search for the existence of a filing of an application for permission to reapply for admission to the United States after deportation. At this time, the results of that search are not available.

## WITNESSES

Special Agent Dale Ficquette, as to any statements made by SUBJECT during and after his arrest. Also as to statements made by SUBJECT after waiving his rights pursuant to MIRANDA.

Special Agent Lee Lelea, as to having witnessed SUBJECT receiving his Miranda rights and to statements made by SUBJECT after waiving his rights pursuant to MIRANDA.

Detention Enforcement Officer Juan C. Diaz, as to the service of the Notice to Alien Ordered Removed/Departure Verification Form (Form I-296) on August 21, 1999 and as to the alien's fingerprint being placed such. Also to verifying SUBJECT's departure from the United States on August 21, 1999.

Detention Enforcement Officer Frank Respress as to the service of the Notice to Alien Ordered Removed/Departure Verification Form (Form I-296) on August 21, 1999 and as to the alien's fingerprint being placed such. Also to verifying SUBJECT's departure from the United States on August 21, 1999.

Phillip Womack, Fingerprint Supervisor, Miami-Dade Police Department, as to the results of the fingerprint comparison that identified SUBJECT as the same person deported on August 21, 1999.

**EXHIBITS**

EX."A"- A copy of the Notice to Alien Ordered Removed/Departure Verification Form (Form I-296) dated August 16, 1999.

EX."B"- A copy of the fingerprints of Smith DELIEN taken on March 15, 2000.

EX."C"- A copy of the results of the fingerprint comparison dated March 16, 2000, that identified SUBJECT as the same person deported on August 21, 1999.

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Alien Ordered Removed/Departure Verification

File No: A76 998 100

Date: 8/16/1999

Alien's full name: DELIEN, Smith aka SEYMOUR, Gregory

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States:

- ☐ for a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.
- ☐ for a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed in proceedings under any section of the Act other than section 235(b)(1) or 240, or of your having been ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.
- ☐ for a period of 20 years from the date of your departure from the United States as a consequence of your having been found inadmissible and of your having been previously excluded, deported, or removed from the United States.
- ☒ at any time because in addition to having been found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Attorney General to reapply for admission into the United States. You must obtain such permission prior to commencing your travel to the United States. Application forms for requesting such permission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service.

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

| Daniel A. Bell | Deportation Officer | Miami, FL |
|---|---|---|
| (Signature of officer serving warning) | (Title of officer) | (Location of INS office) |

## Verification of Removal

(Complete this section for file copy only)

| Departure date | Port of departure | Manner of departure |
|---|---|---|
| 8/21/99 | MIA | AA 5773 |

| Signature of verifying officer | Title of officer |
|---|---|
| [signature] | DEO |

ϕw/ FR STANDARDS DATED 3-15-00 FORM FD-249 3-16-00 SLS

Photograph of alien removed

Right index fingerprint of alien removed

0000[illegible]

X [signature]
(Signature of alien whose fingerprint and photograph appear above)

[signature]
(Signature of official taking fingerprint)

STANDARD "A"

STATE USAGE

NFF SECOND | SUBMISSION | APPROXIMATE CLASS | AMPUTATION | SCAR

STATE USAGE

LAST NAME FIRST NAME MIDDLE NAME SUFFIX: SEYMOUR, GREGORY

SIGNATURE OF PERSON FINGERPRINTED: Mike Seymour

SOCIAL SECURITY NO.

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX
DELLEN, SMITH
SEYMOUR, MIKE

Removed/Departure Verification 8-16-1999

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | |
|---|---|---|---|---|---|---|---|---|
| | Ø W/R T. INDEX FP NOTICE TO ALIEN ORDERED DATED File # A76998100 8-16-00 SLB | 08 29 76 | M | B | 67 | 130 | BRN | BL |

1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE

6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY | L. THUMB | R. THUMB | RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

00016

MIAMI-DADE COUNTY, FLORIDA




MIAMI-DADE POLICE DEPARTMENT
CRIME SCENE INVESTIGATIONS BUREAU
9105 N.W. 25 STREET, ROOM 2180
MIAMI, FLORIDA 33172

To: Dale W. Ficquette, Special Agent
U.S. Department of Justice
Immigration and Naturalization Service

DATE: March 16, 2000

MDPD CASE #: 117328-X

A comparison of the fingerprints on the below standards has been made by Miami-Dade Police Department Fingerprint Technician Stephen L. Bell. This resulted in a positive identification. Both standards were made by the same individual.

Standard "A"

Fingerprints of Subject: Seymour, Gregory DOB: 08/29/76

MDPD ID # N/A Arrested On: 03/15/00

Standard: Fingerprint Card Form FD-249
Charge: 18 USC 1324(a)(2)

Standard "B"

Fingerprints of Subject: Delien, Smith DOB: N/A

MDPD ID # N/A Arrested On: N/A

Standard: Notice to Alien Ordered Removed/Departure Verification Form I-296 Dated 08/16/99. File No. A76998100

Sincerely,
Carlos Alvarez, Director
Miami-Dade Police Department

By [signature]
for Phillip Womack, Fingerprint Supervisor
Crime Scene Investigations Bureau
Fingerprint Identification Section

00011