-cr-06074-WPD    Document 21    Entered on FLSD Docket 07/13/2000    F

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6074-CR-DIMITROULEAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | **NIGHT BOX FILED** |
| v. | : | JUL 1 2 2000 |
| SMITH DELIEN, | : | CLARENCE MADDOX<br>CLERK, USDC / SDFL / FTL |
| Defendant. | : | |
| | : | |

### DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant, Smith Delien, through counsel, respectfully objects to paragraphs 50 and 51 of the Presentence Investigation Report, which state that the Defendant's statutory maximum is twenty years, and that his guideline range is 57-71months. Defendant contends that the statutory maximum for this offense as alleged in the indictment is two years. Accordingly, his guideline range would be 24 months. In support of this objection, Defendant states as follows:

This Court is limited to a two year statutory maximum term of imprisonment in the sentencing of Mr. Delien. On May 5, 2000, Mr. Delien entered a plea of guilty to a one count indictment that charged him with illegal reentry into the United States by a previously deported alien in violation of 8 U.S.C. § 1326. That statute provides that "any alien who – (1) has been. . . . deported . . . and thereafter (2) enters, attempts to enter, or is at any time found in the United States . . . shall be fined under Title 18, or *imprisoned not more than 2 years*, or both." 8 U.S.C. § 1326(a) (emphasis added). A separate section of that statute provides that a deported alien who illegally reenters the United States *and* "whose removal was subsequent to a conviction for commission of



an aggravated felony, . . . shall be fined under such Title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2).

The statutory scheme of § 1326 essentially creates two separate offenses under these two sections. Subsection (a) makes it illegal for a previously deported alien to reenter the United States. The statutory maximum for that offense is two years. 8 U.S.C. § 1326(a). Subsection (b)(2) makes it illegal for a previously deported alien whose deportation was subsequent to a conviction for an aggravated felony to reenter the United States. The statutory maximum for that offense is twenty years. 8 U.S.C. § 1326(b)(2).

In the indictment, the government charged Mr. Delien with illegally reentering the United States after having been deported. The government failed to charge in the indictment that Mr. Delien's deportation was subsequent to a conviction for an aggravated felony. The indictment thus charged Mr. Delien with the crime described in § 1326(a) and not with the crime described in §1326(b)(2)[1]. Because Mr. Delien entered a guilty plea to an offense with a statutory maximum sentence of two years, this Court is limited to the two year maximum.

The United States Supreme Court has previously rejected the argument that the statutory scheme of § 1326 creates two separate offense with separate statutory maximums where the prior "conviction for commission of an aggravated felony" is a necessary element of the offense created by § 1326(b)(2). *See Almendarez-Torres v. United States*, 118 S. Ct. 1219, 1232-33 (1998). However, an intervening decision by the Supreme Court calls into question the correctness, and thus the viability, of *Almendarez-Torres*.

---

[1] Referencing subsection (b)(2) by number is not sufficient. An indictment "must set forth each element of the crime that it charges." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

2

Specifically, the Supreme Court recently ruled that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, __ S. Ct. ___, No. 99-478, 2000 WL 807189 at *13 (U.S. June 26, 2000). The Supreme Court expressly excluded from that rule "the fact of a prior conviction." *Id.* The Court carefully explained, however, that the reason for the exclusion of prior convictions as factors that require proof beyond a reasonable doubt was that its decision in *Almendarez-Torres* was not being contested and that it need not revisit that issue in order to resolve the dispute in question in *Apprendi*. *See id.*

The Supreme Court acknowledged, however, that "it is arguable that *Almendarez-Torres* was *incorrectly decided*, and that a logical application of our reasoning today should apply if the recidivist issue were contested." *Apprendi*, 2000 WL 807189 at *13; *see also Id.* at *29 (emphasis added). The Supreme Court went on to note that any revisiting of *Almendarez-Torres* would require an application of the "pleading requirement" which was ignored by the Court in *Almendarez-Torres*. *See Apprendi*, 2000 WL 807189 at *13, n.15. Under the pleading requirement, "the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." *Id.* (quoting *United States v. Reese*, 92 U.S. 214, 232-233, 23 L. Ed. 563 (1875) (Clifford, J., concurring)).

Accepting the Supreme Court's invitation to apply its reasoning in *Apprendi* to the recidivist issue in this case leads to the logical conclusion that the prior aggravated felony conviction is a fact that should have been charged in the indictment and that failure to do so limits this Court to the two year statutory maximum sentence. The Supreme Court's fundamental holding in *Apprendi* is that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *Apprendi*, 2000 WL 807189 at *13. In a federal prosecution, this reasoning

3

submitted to a jury." *Apprendi*, 2000 WL 807189 at *13. In a federal prosecution, this reasoning also requires that any such fact must be properly pled in the indictment. *Id.* at *13 n.15, *18; *see also* U.S. Const. amend. V.[2]

In his concurring opinion (in which Justice Scalia joined), Justice Thomas all but conceded that his decision to join in the 5-4 majority in *Almendarez-Torres* was a mistake, noting that the impending consequences of *Apprendi* with respect to that decision "should be plain enough." *Apprendi*, 2000 WL 807189 at *25, 26 (Thomas and Scalia, JJ., concurring). After an exhaustive review of 200 years of precedent, the concurrence concluded that the majority decision in *Apprendi*, "far from being a sharp break with the past, marks nothing more than a return to the status quo ante – the status quo that reflected the original meaning of the Fifth and Sixth Amendments." *Id. At *25*.

Specifically, the concurring opinion states:

> In order for an accusation of a crime (whether by indictment or some other form) to be proper under the common law, and thus proper under the codification of the common-law rights in the Fifth and Sixth Amendments, it must allege all elements of that crime . . . . Thus, it is critical to know which facts are elements.
>
> \* \* \*
>
> A long line of essentially uniform [Supreme Court] authority . . . establishes that a "crime" includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment). Thus, if the legislature defines some core crime and provides for increasing the punishment of that crime upon a finding of some aggravating fact – of whatever sort, including the fact of a prior conviction – the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravated crime. Similarly, if the legislature, rather than creating grades of crimes, has provided for setting the punishment of a crime based on some fact . . . that fact is also an element.

---

[2]   The United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V.

4

*Id.* at *17-*18.

Applying this reasoning, Mr. Delien entered a guilty plea to the lesser crime of § 1326(a) and not to the aggravated crime of § 1326(b)(2). This Court is therefore limited to the two year statutory maximum of § 1326(a). Specifically, the aggravating factor, a prior conviction for an aggravated felony, increases the maximum sentence applicable to Mr. Delien ten-fold. Under the reasoning of *Apprendi*, that aggravating factor is an essential element of the offense established in § 1326(b)(2). Therefore it must be properly charged in the indictment. *See Apprendi*, 2000 WL 807189 at *13 n.15, *18-19, *Hamling*, 418 U.S. at 117.

Because the element of the prior aggravated felony was omitted from the indictment, the indictment only charged the lesser offense defined in § 1326(a). Mr. Delien entered a guilty plea to that lesser offense. Because the lesser offense defined in § 1326(a) has a statutory maximum of two years, this Court is limited by that statutory maximum and cannot sentence Mr. Delien beyond two years.

                                            Respectfully submitted,

                                            KATHLEEN M. WILLIAMS
                                            FEDERAL PUBLIC DEFENDER

By: _____
                              Patrick M. Hunt
                              Assistant
                              Federal Public Defender
                              Florida Bar No. 571962
                              Attorney for Defendant
                              101 N.E. 3rd Avenue, Suite 202
                              Fort Lauderdale, Florida 33301
                              (954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed and faxed on this ___ day of July, 2000, to AUSA Matthew Menchel, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida, 33301 and to USPO Dennis Woolfolk, 300 NE First Avenue, Room 315, Miami, FL 33132.

_____
Patrick M. Hunt