

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

May 09, 2001

RE: 00-13824-GG    USA v. Smith Delien
DC DKT NO.: 00-06074 CR-WPD

TO:  Clarence Maddox

CC:  Patrick Hunt

CC:  Bernardo Lopez

CC:  Kathleen M. Williams

CC:  Dawn Bowen

CC:  Anne R. Schultz

CC:  Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

May 09, 2001

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 00-13824-GG      USA v. Smith Delien
DC DKT NO.: 00-06074 CR-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi.
    Original record on appeal or review, consisting of: three volumes.

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Lisa Streeter (404) 335-6134

Encl.

MDT-1 (1-2001)

# United States Court of Appeals

For the Eleventh Circuit

ᶸ϶϶

No. 00-13824

District Court Docket No.
00-06074-CR-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Apr 6, 2001

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

SMITH DELIEN,
a.k.a. Gregory Seymour,
a.k.a. Mike Seymour,

    Defendant-Appellant.



Appeal from the United States District Court
for the Southern District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion, included herein by reference, is entered as the judgment of this Court.

    Entered: April 6, 2001
For the Court: Thomas K. Kahn, Clerk
        By: McCombs, Elaine



ISSUED AS MANDATE
MAY 0 9 2001
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 06 2001

THOMAS K. KAHN
CLERK

No. 00-13824
Non-Argument Calendar

D.C. Docket No.00-06074-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SMITH DELIEN,
a.k.a. Gregory Seymour,
a.k.a. Mike Seymour,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(April 6, 2001)

Before ANDERSON, Chief Judge, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Smith Delien, a Bahamian national, appeals his 57-month sentence imposed upon his guilty plea to one count of illegal reentry after deportation, in violation of 18 U.S.C. § 1326(a), (b)(2). On appeal, Delien argues that his sentence was imposed in violation of the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Specifically, Delien contends that his 57-month sentence is invalid under <u>Apprendi</u> because the indictment did not allege what Delien asserts is an essential element of the offense of illegal reentry after deportation under § 1326(a), (b)(2), to wit, a prior conviction for an offense designated as an aggravated felony.

We review a constitutional objection, raised at sentencing, that asserts error based on <u>Apprendi</u> <u>de novo</u>. <u>See</u> <u>United States v. Candelario</u>, __ F.3d __, 2001 WL 94607 at * 3 (11th Cir. Feb 5, 2001).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

Delien was indicted as an illegal alien for reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a), (b)(2). Although the indictment referenced subsection (b)(2) of § 1326, which provides for an enhanced maximum penalty of 20 years if the defendant's deportation occurred after a conviction for an aggravated felony, the indictment did not factually allege this element as part of the

2

charge. Subsection (a) of § 1326, on the other hand, provides for a maximum penalty of 2 years imprisonment for unauthorized reentry after deportation without regard to the defendant's prior criminal history. Delien entered a plea agreement with the government and pled guilty as charged in the indictment.

The PSI recommended a base offense level of 8, increased by 16 levels because of Delien's prior aggravated felony conviction, then decreased by 3 levels for timely acceptance of responsibility. Based on a base offense level of 21 and a criminal history category of IV, the PSI recommended a guidelines range of 57-71 months imprisonment. The PSI further provided that the statutory maximum term of imprisonment was 20 years, pursuant to 8 U.S.C. § 1326(a), (b)(2).

Delien filed an objection to the PSI, arguing that the recommended base offense level and guidelines range calculations resulted in a recommended sentence that exceeded the statutory maximum for his offense of conviction, citing Apprendi. Delien contended that, because the indictment to which he pled guilty did not allege the essential element that he previously had been convicted of an aggravated felony, the statutory maximum penalty for his offense was no more than 2 years under § 1326(a), rather than 20 years under § 1326(b)(2).

Citing Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), the district court determined that a prior criminal conviction may

3

constitutionally be treated as a sentencing factor, rather than an element of the offense, even if it increases the statutory maximum penalty. Accordingly, the district court found that the statutory maximum penalty was 20 years imprisonment, and sentenced Delien to 57 months, followed by a 3-year term of supervised release.

On appeal, Delien contends that the district court erred by applying Almendarez-Torres, in light of the more recent Supreme Court decision in Apprendi. In Almendarez-Torres, the Supreme Court held that the prior aggravated felony provision in 8 U.S.C. § 1326(b)(2) is a sentencing enhancement provision and not an element of the offense, so that the indictment was not required to specify the allegation of the aggravated felony conviction, and the government was not required to prove the conviction at trial. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. However, the Court in Apprendi declined to overrule Almendarez-Torres because the issue was not before it. Id. at 2362.

This Court has since held that "Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent." United States v. Guadamuz-Solis, 232 F.3d 1363, 1363 (11th Cir. 2000). Almendarez-Torres has not been overturned, and addressed the very issue raised by Delien in this

4

appeal. Accordingly, the district court did not err under <u>Apprendi</u> in its sentencing scheme.

**AFFIRMED.**

A true copy - certified:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: Lisa Streeter
Deputy Clerk
Atlanta, Georgia